## COLEMAN BRIDGMAN *vs.* A. HALLBERG.

Submitted on briefs Jan. 3, 1893.    Decided Jan. 25, 1893.

Rulings on Evidence Offered on the Trial.
> Assignments of error relating to rulings of the trial court when receiving the testimony, of no particular importance, considered and disposed of.

Findings Supported by the Evidence.
> The evidence *held* sufficient to support the finding of the court on the principal question of fact.

Appeal by plaintiff, Coleman Bridgman, from an order of the District Court of Stearns County, *Searle,* J., made August 15, 1892, denying his motion for a new trial.

Action brought by Coleman Bridgman, plaintiff, against A. Hallberg, defendant, to recover $73.15, the reasonable value of lumber claimed to have been sold and delivered to Hallberg, September 14, 1887, and by him used in the construction of a frame dwelling-house on lot five (5) in block sixteen (16) in Southside Park Addition to St. Cloud.    Plaintiff made and filed a statement for a lien upon the house and lot, and in this action asked that the debt be adjudged to be a lien thereon, and that the property be sold to pay the demand. The defendant's answer was a general denial.    At the trial he contended that at the time he got the lumber he was at work for Andrew Larson; that Larson owed him and did not have the money to pay him, but offered to get lumber for him to be used in building his house.    That defendant made out a bill of some lumber that he needed, and Larson signed it, and defendant took it to Bridgman and told him that Larson was owing him and had authorized him to get the lumber on Larson's credit, and asked Bridgman if he would sell the lumber to Larson and deliver it at the house, and that Bridgman agreed to do it; that the lumber mentioned in the complaint was delivered on that understanding.

On the trial the plaintiff was a witness on his own behalf.    On cross-examination he was asked by defendant: "Question. Is it not a fact that you knew when you got that bill for lumber from Hall-

berg, that he was working for Larson, and ·that. this was· an order from Larson, and that it was treated by you as an order from Larson ?"

This was objected to as incompetent, irrelevant and immaterial.

The objection was overruled, and plaintiff excepted to the ruling.

Answer. "I looked to Hallberg for the pay for the lumber. I was probably aware at the time that he had been at work for Larson, and I supposed he brought that paper as a recommendation from Larson, so that I would give Hallberg credit for the lumber."

The court found that the lumber was sold to Larson and was not sold to defendant, and ordered judgment that plaintiff take nothing in this action, and that defendant recover his costs and disbursements. Plaintiff moved for a new trial, and being denied, appealed to this court.

*G. W. Stewart*, for appellant.

*D. W. Bruckart*, for respondent.

COLLINS, J. The first and second assignments of error herein have reference to rulings of the trial court when receiving the testimony. The remainder may be considered as one, and relating to plaintiff's claim that the vital finding of fact was contrary to the evidence. Neither require extended discussion.

1. The question put to the plaintiff on cross-examination, and to which the first assignment is addressed, was not objected to upon the ground that a part of it called for a conclusion of law.

But, had this been the form of the objection, and had it been well founded, it is evident that no harm would have resulted from the ruling, for the witness made no attempt to answer that portion of the question. He stated nothing but the facts, as he understood them, when answering the question, and made no effort to express an opinion as to the import or legal effect of the writing which defendant insists was Larson's order for lumber.

2. To show that the sale was on Larson's account, to him, and not to defendant, the latter introduced the so-called "order" in evidence, and was then allowed to prove that he had an arrangement with Larson, whereby he was to obtain the bill of lumber therein

mentioned from the plaintiff, and on Larson's account.   There was no error in this.   If there was evidence tending to show that lumber actually delivered to defendant was obtained on Larson's order and on his account, it was certainly competent for defendant to show what arrangement he had with Larson to so obtain the lumber. Nothing more need be said as to the second assignment.

3. Naturally there was some conflict of testimony as to whom the lumber was sold, whether to defendant, as plaintiff claimed, or to Larson, as was insisted by defendant.   On this principal issue of fact the court found with the latter party, and there was evidence sufficient to support the finding.   This disposes of the remaining assignments of error.

Order affirmed.

(Opinion published 54 N. W. Rep. 752.)